IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JARREL LEE JOHNSON, | : |
| Plaintiff, | : |
| V. | : NO. 4:23-cv-00012-CDL-MSH |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendant. | : |

### ORDER OF DISMISSAL

Plaintiff Jarrel Lee Johnson filed a complaint under 42 U.S.C. § 1983 when he was a detainee in the Marlboro County Detention Center in Bennettsville, South Carolina. Compl., ECF No. 1. Because he had not done so, Plaintiff was ordered to either pay the $402.00 filing fee for this case or submit a proper and complete motion to proceed *in forma pauperis*. Order, ECF No. 3. Plaintiff was given fourteen days to comply with the order and was cautioned that his failure to do so could result in the dismissal of this case. *Id.*

Plaintiff then filed a motion to proceed *in forma pauperis*, but he did not submit a certified copy of his trust fund account statement for the six months before he filed the complaint. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 4. Because Plaintiff's account statement is necessary for the Court to properly evaluate Plaintiff's motion to proceed *in forma pauperis*, he was ordered to file a certified copy of his trust fund account statement so that the Court could consider his motion to proceed *in forma pauperis*. Order, ECF No. 5. Plaintiff was given fourteen days to file his certified account statement and was cautioned that his failure to do so could result in the dismissal

of this case. *Id.*

When Plaintiff did not file an account statement within the required time, he was ordered to show cause to the Court why this case should not be dismissed for failure to file his certified account statement. Plaintiff has now filed a notice of change of address indicating that he is currently being held a Wellpath facility. Notice of Change of Address, ECF No. 7. Plaintiff has also filed a response to the order to show cause, asking the Court to refer to *Johnson v. Bragg*, Case No. 1:22-cv-03394-ABJ (D.C.), a case Plaintiff filed in the district court for the District of Columbia, in which he has filed a motion to proceed *in forma pauperis*. Response, ECF No. 8.

Assuming that the Court could access Plaintiff's account statement from that case and take judicial notice of the information therein for the purposes of this case, the document would not provide the information relevant to Plaintiff's motion in this case. In this regard, the Court must look to Plaintiff's financial information for the six months prior to filing the complaint. Plaintiff's complaint was signed by Plaintiff on January 15, 2023, *see* Compl. 5, ECF No. 1, but the docket entry for Plaintiff's account statement in the D.C. case indicates that it had to have been printed before November 3, 2022, at least a month and a half before the complaint was filed in this case. Thus, it would not provide the relevant information for evaluating Plaintiff's motion to proceed *in forma pauperis*.

Although Plaintiff has not complied with the order to file an account statement, it appears that he has had trouble obtaining such statement and has at least made some attempt to comply by providing other information. Therefore, in order to move this case forward,

Plaintiff's motion to proceed *in forma pauperis* is now **GRANTED**, as set forth below. Additionally, on preliminary review, Plaintiff's complaint is now **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). As discussed above, Plaintiff has moved for leave to proceed *in forma pauperis* in this case, and Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b). The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service. For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

A. Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty

3

percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B.  Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's

4

complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of

5

a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. <u>Plaintiff's Allegations</u>

In the complaint, Plaintiff asserts that, in 2015, Coach Banner of the Columbus Lions gave Plaintiff the impression that he would be given an opportunity to play for that team. Compl. 4, ECF No. 1. In pursuing that opportunity, Plaintiff took on debt and missed other chances to make money. *Id.* Plaintiff names the United States Government, the Columbus Lions, and Coach Banner as defendants in this action. *Id.* at 1.

III. <u>Plaintiff's Claims</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). Here, none of the named defendants is a state actor. Moreover, even if they were state

actors, Plaintiff's allegations that the Columbus Lions and Coach Banner recruited him but ultimately did not put him on the team do not suggest that these defendants violated Plaintiff's constitutional rights in any way.

Additionally, besides the United States not being a proper defendant in a § 1983 action, Plaintiff does not allege any facts showing that the United States government is involved in his claims in any way. Instead, he states only that he included the United States because he wants this case to set a precedent.

In light of the above, Plaintiff has not stated a claim upon which relief may be granted. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

**SO ORDERED**, this **15th** day of **June, 2023**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA